**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARY DOUGHTY AND JAMES DOUGHTY** | **CIVIL ACTION** |
| **VERSUS** | **NO:  06-5925** |
| **INSURANCE UNDERWRITER'S LTD. AND BOB ROUCHARD** | **SECTION: "S" (1)** |

## ORDER AND REASONS

**IT IS ORDERED** that plaintiffs' Motion for Summary Judgment (Rec. Doc. 24) is **GRANTED**, and defendant's  Motion for Summary Judgment (Rec. Doc. 25) is **DENIED**.

## BACKGROUND

In 2006, plaintiffs, Mary Doughty and James Doughty, filed a lawsuit in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, against their insurance agents, Insurance Underwriters, Ltd. ("IU") and Bob Richard, after plaintiffs sustained damages to their Lakeview property as a result of Hurricane Katrina.  Subsequently, the Doughtys filed a supplemental and amended petition, adding as a defendant, Fidelity National Insurance Company ("FNIC"), a Write-Your-Own Program insurance carrier participating in the National Flood Insurance Program.

1

Thereafter, FNIC removed the case to this Court.

The Doughtys and FNIC have filed cross-motions for summary judgment based on several undisputed facts. The Doughtys' Lakeview property is located at 5944 Canal Street in New Orleans, Louisiana, 70124. For several years, the Doughtys maintained homeowners' insurance and flood insurance on their property. In November 2002, the Doughtys asked IU to raise their Standard Flood Insurance Policy ("SFIP") limits to $250,000 for the building and $30,000 for contents. Omaha Property and Casualty Insurance Company issued the requested flood policy, but for unknown reasons excluded the requested contents coverage. That same month, FNIC acquired Omaha's flood insurance business, including the Doughtys' account.

In September 2004, the Doughtys, through IU, asked FNIC to increase their SFIP to include the $30,000 contents coverage. That same month, after having acquired Omaha's flood business, FNIC wrote to IU and to the Doughtys' mortgagee explaining that it needed an elevation certificate for the Lakeview property before it would issue the SFIP with the requested coverage. In the meantime, instead of issuing the requested coverage, FNIC issued a tentative flood policy with coverage limits of $7,200 for the building and $1,000 for the contents, which policy was in effect when Hurricane Katrina damaged the Lakeview property. Prior to the hurricane, the Doughtys provided an elevation certificate to IU, and IU sent it to FNIC. FNIC declined the requested increase because some portions of the certificate were blocked by a sticky note, and therefore, the certificate was insufficient to confirm the elevation. After the hurricane, an FNIC adjuster estimated that the Doughtys' damages were $250,242.15 for the building and $111,022.50 for contents.

In December 2005, FNIC received a valid elevation certificate and increased the coverage to $140,000 for the building and $10,000 for contents, explaining that these limits reflected the

coverage which corresponded to the premium paid by the Doughtys. That same month, FNIC paid the Doughtys the full amount of the revised policy limits.  After the Doughtys filed suit in state court, after FNIC was added as a defendant, and after FNIC removed the case to this Court, it was discovered that an FNIC had an elevation certificate in the file given to it by Omaha in 2002.

Both parties have filed motions for summary judgment.  The Doughtys contend that their SFIP must be reformed as allowed under 44 C.F.R. Pt. 61, app. A(1), art. VII(G) to reflect the policy limits they requested, $250,000 for the building and $30,000 for contents because the only impediment to their obtaining the requested coverage was the lack of an elevation certificate, which was in fact in FNIC's file.  FNIC contends its reformation of the flood policy to conform to the premium of $386.00 paid by the Doughtys, which provided coverage in the amount of $140,000 for the building and $10,000 for contents, is sufficient.

## DISCUSSION

### A.    Standard of Review

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." *Amburgey v. Corhart Refractories Corp.*, 936 F.2d 805, 809 (5th Cir.1991); Fed.R.Civ.P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. *Celotex Corp. v. Catrett*, 106 S.Ct. 2548, 2552 (1986). The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (*en banc*).

3

**B.      Cross-Motions for Summary Judgment**

It is well established that the federal statutory and common law governs the interpretation of the SFIP. *Rodgers v. Allstate Insurance Company,* No. 06-3685, 2007 WL 1029480, *4 (E.D. La. Mar. 30, 2007)(citing *Linder and Assocs., Inc. v. Aetna Cas. and Sur. Co.*, 166 F.3d 547, 550 (3rd Cir.1999)).  The SFIP is construed using standard insurance law principals and it is to be interpreted according to its plain, unambiguous meaning, the interpretation should be 'uniform throughout the country' and that 'coverage should not vary from state to state.'" *Id.* (quotations omitted). Ambiguities should be construed in favor of the insured and against the insurer. *Id.* (citations omitted).

Terms of the SFIP are strictly construed and enforced because such claims directly affect the United States Treasury.  *Formal v. FEMA*, 138 F.3d 543, 545 (5th Cir.1998)(citations omitted). "The standard flood insurance policy is authorized only under the terms and conditions established by Federal statute, the program's regulations, the Administrator's interpretations and the express terms of the policy itself." 44 C.F.R. § 61.5(e).

Reformation of an SFIP is available both before and after a loss.  Reformation is addressed in 44 C.F.R. Pt. 61, app. A(1), art. VII(G), which states:

G. Reduction and Reformation of Coverage

1. If the premium we received from you was not enough to buy the kind and amount of coverage you requested, we will provide only the amount of coverage that can be purchased for the premium payment we received.

2. The policy can be reformed to increase the amount of coverage resulting from the reduction described in G.1. above to the amount you requested as follows:

a. Discovery of Insufficient Premium or Incomplete Rating Information Before a Loss:

4

(1) If we discover before you have a flood loss that your premium payment was not enough to buy the requested amount of coverage, we will send you and any mortgagee or trustee known to us a bill for the required additional premium for the current policy term (or that portion of the current policy term following any endorsement changing the amount of coverage). If you or the mortgagee or trustee pay the additional premium within 30 days from the date of our bill, we will reform the policy to increase the amount of coverage to the originally requested amount effective to the beginning of the current policy term (or subsequent date of any endorsement changing the amount of coverage).

(2) If we determine before you have a flood loss that the rating information we have is incomplete and prevents us from calculating the additional premium, we will ask you to send the required information. You must submit the information within 60 days of our request. Once we determine the amount of additional premium for the current policy term, we will follow the procedure in G.2.a.(1) above.

(3) If we do not receive the additional premium (or additional information) by the date it is due, the amount of coverage can only be increased by endorsement subject to any appropriate waiting period.

b. Discovery of Insufficient Premium or Incomplete Rating Information After a Loss:

(1) If we discover after you have a flood loss that your premium payment was not enough to buy the requested amount of coverage, we will send you and any mortgagee or trustee known to us a bill for the required additional premium for the current and the prior policy terms. If you or the mortgagee or trustee pay the additional premium within 30 days of the date of our bill, we will reform the policy to increase the amount of coverage to the originally requested amount effective to the beginning of the prior policy term.

(2) If we discover after you have a flood loss that the rating information we have is incomplete and prevents us from calculating the additional premium, we will ask you to send the required information. You must submit the information before your claim can be paid. Once we determine the amount of additional premium for the current and prior policy terms, we will follow the procedure in G.2.b.(1) above.

(3) If we do not receive the additional premium by the date it is due, your flood insurance claim will be settled based on the reduced amount of coverage. The amount of coverage can only be increased by endorsement subject to any appropriate waiting period.

3. However, if we find that you or your agent intentionally did not tell us, or falsified, any important fact or circumstance or did anything fraudulent relating to this insurance, the provisions of Condition B. Concealment or Fraud and Policy

5

Voidance apply.

The Doughtys argue that they are entitled to the requested coverage because FNIC's sole reason for failing to provide that coverage was the perceived absence of a flood elevation certificate, which was actually in FNIC's files obtained from Omaha in 2002. The Doughtys contend that reformation of their SFIP is proper under 44 C.F.R. Pt. 61, app. A(1), art. VII(G). The Doughtys argue that FNIC should have realized that it had the elevation certificate before the loss, and FNIC should have requested an additional premium of $104.00 to receive their requested coverage. The Doughtys argue further that after the loss and the discovery of the elevation certificate, FNIC should have provided the Doughtys the opportunity to pay the additional premium to receive the requested coverage.

FNIC argues that the reformed limits that it paid to the Doughtys corresponded directly with the premium of $386.00 paid by them.

The applicable reduction and reformation SFIP policy language is paragraph (b)(1) of 44 C.F.R. Pt. 61, app. A(1), art. VII(G). That paragraph states:

b. Discovery of Insufficient Premium or Incomplete Rating Information After a Loss:

(1) If we discover after you have a flood loss that your premium payment was not enough to buy the requested amount of coverage, we will send you and any mortgagee or trustee known to us a bill for the required additional premium for the current and the prior policy terms. If you or the mortgagee or trustee pay the additional premium within 30 days of the date of our bill, we will reform the policy to increase the amount of coverage to the originally requested amount effective to the beginning of the prior policy term.

Very few cases have addressed the requirements necessary to reform a policy under 44 C.F.R. Pt. 61, app. A(1), art. VII(G), and none is parallel to this case.[1]

---

[1]*See Englande v. Bradshaw Insurance Agency*, No. 06-8572, 2007 WL 2461683 at *5 (E.D. La. Aug. 22, 2007), and *Oaks v. Allstate Insurance Company*, No. 05-191, 2006 WL

The sole reason for not providing the requested coverage was FNIC's perceived absence of a flood elevation certificate.  After the flood loss, it became apparent that the elevation certificate was in FNIC's possession, and that the premium billed to and paid by the Doughtys was not enough to afford them the requested coverage.  The facts of this case fit squarely within the reformation provisions of the SFIP.

Applying the words of paragraph (b)(1) as plainly stated, the policy must be reformed because it was discovered after the Doughtys' loss that the premium paid by the Doughtys was not enough to buy the requested amount of coverage.  When the premium paid is not sufficient, paragraph (b)(1) provides that the mortgage or trustee will be billed for the additional premium. Once that the additional premium is paid, paragraph (b)(1) provides that the policy will be reformed "to increase the amount of coverage to the originally requested amount effective to the beginning of the prior policy term."  Therefore, FNIC must reform the policy to require the correct premium for the requested coverage.  Accordingly, the Doughtys' Motion for Summary Judgment is granted, and FNIC's Motion for Summary Judgment is denied.

## CONCLUSION

Plaintiffs' Motion for Summary Judgment is granted, and defendant's Motion for Summary Judgment is denied.

New Orleans, Louisiana this __4th__ day of December, 2007.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**

3328179 at *8 (E.D. Ky. Nov. 14, 2006).

7